IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MEGAN NICOLE HAMMERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-244-HE |
| | ) | |
| DEBBIE ALDRIDGE, et al. | ) | |
| | ) | |
| Respondent(s). | ) | |

## REPORT AND RECOMMENDATION

Megan Hammers, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of her state court conviction. (ECF No. 1). Respondent has filed a Motion to Dismiss the Petition and a brief in support, alleging that Petitioner failed to exhaust her state court remedies. (ECF Nos. 8 & 9). For the reasons set forth below, it is recommended that the Motion to Dismiss be **DENIED**.

## I. PROCEDURAL BACKGROUND

On February 27, 2014, a jury convicted Petitioner of Child Abuse and sentenced her to eighteen years in prison. (ECF No. 1:1). Ms. Hammers filed a direct appeal, alleging, in part, ineffective assistance of trial counsel for failing to:

1. communicate with Petitioner and prepare her for trial;

2. provide Petitioner's child's medical records to her prior to trial;

3. retain experts to rebut the State's evidence of Shaken Baby Syndrome;

4. present rebuttal evidence regarding Shaken Baby Syndrome;

5. present evidence in support of Petitioner's defense theory regarding the cause of the child's injuries;

6. object to the State's presentation of irrelevant, prejudicial, and inflammatory evidence; and

7. call a witness to rebut the State's characterization of Petitioner.

(ECF No. 9-1:7-32). In October 2015, the OCCA denied the direct appeal and Ms. Hammers timely filed her habeas petition on March 14, 2016. (ECF No. 1). In the Petition, Ms. Hammers raises four grounds for relief. For each ground, Ms. Hammers identifies the correlating proposition in her direct appeal brief. Because Respondent's exhaustion argument is limited to Ground Two, the Court will likewise narrow its focus.

In Ground Two, Ms. Hammers states: "The lower court's decision was contrary to and an unreasonable application of clearly established law when they ruled counsel was not ineffective for failure to procure an expert witness where the only reasonable and available defense strategy required consultation with experts and expert witnesses." (ECF No. 1:4). Ms. Hammers then states that Ground Two correlates to "Proposition I(2)(3)" of her direct appeal. (ECF No. 1:4). Respondent has filed a Motion to Dismiss the habeas petition, arguing that in Ground Two, Ms. Hammers raises an additional claim of ineffective assistance of appellate counsel which she has not exhausted. (ECF No. 9).

## II. EXHAUSTION REQUIREMENT

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears there is an absence of an available state corrective process or circumstances exist that render such process ineffective to protect

the rights of the prisoner. *See* 28 U.S.C. § 2254(b)(1); *see also Doe v. Jones*, 762 F.3d 1174, 1177 (10th Cir. 2014) (noting "before a federal district court may review a habeas petition, all of its claims must be exhausted in state court"). Indeed, under the "total exhaustion rule" a federal court must "dismiss habeas petitions containing both exhausted and unexhausted claims." *Doe*, 762 F.3d at 1177.

## III. PETITIONER HAS SATISFIED THE EXHAUSTION REQUIREMENT

As stated, Respondent has alleged that in Ground Two, Ms. Hammers asserts a claim of ineffective assistance of appellate counsel which she has not exhausted. (ECF No. 9:4-7). The Court should conclude otherwise. In Ground Two, Ms. Hammers argues that her trial counsel was ineffective for failing to procure an expert witness to defend allegations of Shaken Baby Syndrome (SBS). (ECF No. 1:4-8). According to Petitioner, the medical complexities involved with SBS necessitate expert testimony, as held in other cases. In support, Ms. Hammers draws the court's attention to the case of *Brafford v. State*, which Petitioner states is "back in District Court under direction of OCCA for evidentiary hearing to establish the necessity of expert witness in SBS." (ECF No. 1:6). Ms. Hammers then contends that like in *Brafford*, she too should have been afforded an evidentiary hearing, and would have likely obtained a hearing but for appellate counsel's ineffectiveness. (ECF No. 1:6).

In her Brief in Support of the Motion to Dismiss, Ms. Aldridge states: "[Petitioner] claims that appellate counsel was ineffective by not properly presenting her Rule 3.11 Motion to the OCCA by not presenting affidavits from experts after review of the records." (ECF No. 9:4). Respondent then states that Petitioner "goes on to give a

3

lengthy list of reasons why she believes appellate counsel was ineffective[.]" (ECF No. 9:4).

In her reply, Ms. Hammers disavows Respondent's allegation that she is raising an unexhausted claim of ineffective assistance of appellate counsel in Ground Two. (ECF No. 10). Ms. Hammers states: "**Petitioner was not raising ineffective assistance of appellate counsel as a separate and distinct ground**. Rather petitioner was *showing as support for her proposition* the prejudice that resulted when appellate counsel did not properly file [the] Motion." (ECF No. 10:1) (emphasis in original).

Ms. Hammers has clearly stated that Ground Two does not contain a claim of ineffective assistance of appellate counsel. Based on the argument in Ground Two and Petitioner's explanation in her reply, it is obvious that Ms. Hammers is not asserting a claim of ineffective assistance of appellate counsel. Respondent's reference to "a lengthy list of reasons why she believes appellate counsel was ineffective" is misplaced, as Petitioner's lists of ineffectiveness claims are directed toward *trial* counsel. *See* ECF No. 1:6 ("If counsel had secured expert witness [sic] she could have rendered a different verdict for several reasons."). Respondent apparently agrees that Petitioner exhausted Grounds One, Three, and Four, and does not otherwise challenge Ground Two. Accordingly, the Court should deny Respondent's Motion to Dismiss.

## IV.    RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss for Failure to Exhaust Necessary State Remedies Writ of Habeas Corpus (ECF No. 8) be **DENIED**.

## V.  NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **July 25, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.  STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED on July 7, 2016.

<br>

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE