# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MEGAN NICOLE HAMMERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-16-0244-HE |
| | ) | |
| DEBBIE ALDRIDGE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner Megan Hammers, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She challenges the constitutionality of her Oklahoma state court conviction for child abuse, asserting the ineffective assistance of her trial counsel. The petition asserts four alleged deficiencies in her counsel's conduct: (1) failure to prepare petitioner for trial or to provide petitioner with her child's medical records, (2) failure to hire and present an expert witness, (3) failure to present certain other witnesses, and (4) failure to object to certain testimony.

This matter was referred to U.S. Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin has issued a Report and Recommendation (the Report) recommending that the petition be denied. Petitioner has since filed an objection to the Report, asking for an extension of time and the appointment of counsel to assist in obtaining evidence to support ground two and asserting a *pro forma* objection as to the recommended disposition of the other grounds.

Petitioner's request for an opportunity to develop further evidence now is not a valid basis for objection. Where a claim has been adjudicated on the merits in state court

proceedings, this court's habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). It is clear that petitioner's claim of ineffective assistance of counsel was presented to and considered by the Oklahoma Court of Criminal Appeals. This court's review is therefore limited to the record before it, and there is no basis for supplementing the record as to ground two.

Petitioner does not otherwise present a valid basis for avoiding the Report's conclusions. As to the other three grounds for relief, petitioner has not attempted to take issue with the substance of the Report, but indicates that she is objecting to the recommended disposition of those grounds "[i]n order to preserve [them] for appellate review." But to preserve issues for appellate review, objections to the Report must be specific enough to enable the district court to address those issues. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059–1061 (10th Cir. 1996). If they do not do so, any factual or legal objections are deemed waived. Id.; *see also* Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010). Here, in the absence of any serious effort to come to grips with the issues in the Report, the waiver rule applies.

Even if a basis for objection had been preserved here, the court would nonetheless conclude the Report is correct in its recommended disposition. Any review by this court is very limited in nature and deferential to the determination reached in the state court system. Under 28 U.S.C. § 2254(d), habeas relief will not be granted as to claims which were adjudicated on the merits in state court unless the petitioner establishes (1) that the state court decision was contrary to clearly established federal law as determined by the

holding of the U.S. Supreme Court, or (2) that it "involved an unreasonable application of" such law. Harrington v. Richter, 562 U.S. 86, 100 (2011). Petitioner does not appear to claim that the state court disposition was contrary to clearly established law as determined by the Supreme Court, but instead attempts to show the state court's application of those principles was unreasonable. In particular, she claims the state court improperly applied the standards for ineffective assistance claims set out by Strickland v. Washington, 466 U.S. 668 (1984).

To show constitutionally deficient performance by counsel, a petitioner must establish both that counsel's performance fell below an objective standard of reasonableness and that there was prejudice as a result. Id. at 688, 692. A court considering an ineffective assistance claim applies a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance." Id. at 689. With respect to the prejudice element, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. It is not enough to show that counsel's errors had some conceivable effect on the outcome of the proceeding. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. The Strickland standard for judging counsel's representation is a "most deferential one" and that is true even for a court reviewing the performance in the first instance. Harrington, 562 U.S. at 105. But of course this court is not reviewing the matter in the first instance, but rather is assessing whether the state court's determination of the matter involved an "unreasonable application of" the Strickland standard.

3

For purposes of §2254(d), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Harrington, 562 U.S. at 101 (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). The state court determination is granted "deference and latitude that are not in operation when the case involves review under the Strickland standard itself. Id. "The state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Stated otherwise, the petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103. And even a "strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. In short, showing an entitlement to habeas relief in these circumstances is extremely hard to do.

Applying these standards to petitioner's motion, the court concludes she has failed to show a basis for habeas relief. This is a situation where any court's review of counsel's conduct would be highly deferential. But where, as here, the state courts have already adjudicated the ineffective assistance claim, the review is doubly deferential. *See* Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Having evaluated petitioner's submissions in light of the evidence and circumstances referenced in the Report, the court cannot say that the state court determination was so lacking in justification that fairminded jurists could not have reached it.

The Report [Doc. #20] is **ADOPTED** and the petition for writ of habeas corpus

4

[Doc. #1] is **DENIED**.  A certificate of appealability is also denied.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE